IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RUBEN POP VENTURA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-1047 (AJT-IDD) |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before the Court is Ruben Pop Ventura's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on April 17, 2026. Petitioner alleges his detention, which exceeds a period of six months, is unlawful under 8 U.S.C. § 1231 (Count I); and that, as a matter of due process, he is entitled to Immigration Judge review of any negative third country screening pursuant to Respondents' efforts to remove Petitioner to a third country (Count II).

Petitioner is a native and citizen of Guatemala, who entered the United States in or around March of 2018. [Doc. No. 1] ¶ 14. On November 18, 2024, following Petitioner's release from local criminal custody for charges unrelated to this Petition, Petitioner was taken into civil custody and served a Notice to Appear ("NTA"), charging him with violating Section 212(a)(6) of the INA as an "alien present in the United States without being admitted or paroled." [Doc. No. 8-1] ¶¶ 6–10. On March 11, 2025, an Immigration Judge denied Petitioner's release on bond, finding him to be a danger to the community. *Id.* ¶ 12. On June 27, 2025, an Immigration Judge ordered Petitioner removed but granted him withholding of removal to Guatemala. [Doc. No. 1-3]. Both parties waived appeal, rendering the order final on June 27, 2025. *Id.*

On July 10, 2025, Petitioner was served with a Notice of Third Country Removal to

Mexico. [Doc. No. 8-1] ¶ 14. Petitioner claimed fear of being removed to Mexico and was referred to the Asylum Office for a Third Country Fear Determination, which Respondents submit issued a positive fear determination for Mexico.[1] *Id.* ¶ 15. On September 11, 2025, a 90-day Post Order Custody Review ("POCR") was completed, where it was determined that the Petitioner was a danger to the community and would remain in custody pending removal to a third country. *Id.* ¶ 16. Petitioner refused to sign the POCR and denied a POCR interview. *Id.*

On or about December 31, 2025, Petitioner's deportation officer contacted a detention and deportation officer to pursue third country removal options, and Petitioner was placed on the Third Country Removal list. *Id.* ¶¶ 17–18. As of May 1, 2026, when Respondents filed their opposition to the Petition, Petitioner had not yet been accepted by any third country for removal, though Respondents represent that, as of April 24, 2026, they have nominated Petitioner for acceptance pursuant to a third country removal agreement that exists between the United States and an unnamed third country. *Id.* ¶ 19. Upon notification of acceptance, Respondents submit that they will follow the March 30, 2025 Third Country Removal Guidance.[2] *Id.*

On May 1, 2026, in response to a Court Order, Respondents submitted that the factual and legal issues presented in this Petition do not differ in any material fashion from those already presented to and decided by this Court in *Montezano Martinez v. Perry*, et al., 1:25-cv-02274-AJT-IDD (E.D. Va. Feb. 6, 2026). In *Montezano Martinez*, this Court determined that the Petitioner,

---

[1] Petitioner alleges that Petitioner was told that the "Mexican authorities would not accept [him]." [Doc. No. 1-4] ¶ 5.
[2] On March 30, 2025, the Secretary of Homeland Security issued a memorandum entitled "Guidance Regarding Third Country Removals," in which she outlined the procedures the agency would follow for removal of noncitizens with a final order of removal to third countries. *See Bautista Serpas v. Simon*, No. 1:25-cv-2369-AJT-WBP, Dkt. No. 8-1 (E.D. Va. Dec. 31, 2025) (Noem Memo, March 30, 2025, Guidance Regarding Third Country Removals). The memorandum does not reference any review by an immigration judge and provides, in relevant part, that "[i]n cases where the [noncitizen] affirmatively states a fear, USCIS will generally screen the alien within 24 hours of referral from the immigration officer. . . . USCIS will determine whether the [noncitizen] would more likely than not be persecuted on a statutorily protected ground or tortured in the country of removal. If USCIS determines that the [noncitizen] has not met this standard, the [noncitizen] will be removed." *Id.*

2

who had been detained for a period of more than eleven months, and therefore beyond the presumptively-reasonable six month period established under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), was entitled to immediate release given that Respondents had failed to present evidence sufficient to rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Montezano Martinez*, 1:25-cv-02274-AJT-IDD, Dkt. No. 22.

Here, Petitioner has been in immigration custody since November 2024, for a total of one-and-a-half years, and for eleven months since his removal order became final in June 2025. Petitioner has withholding of removal to Guatemala, and, as Respondents acknowledge "Petitioner cannot be removed to Mexico."[3] [Doc. No. 8-1] ¶ 15. Respondents waited almost six months after Petitioner's removal order became final to begin pursuing third country removal options and place Petitioner on a third country removal list on or about December 31, 2025. Thereafter, Respondents waited an additional four months, until April 2026, to nominate Petitioner for acceptance to an unnamed third country. As of May 1, 2026, no country had agreed to accept Petitioner.

Based on the foregoing, and for the reasons discussed in *Montezano Martinez*, the Court finds that Petitioner has been in detention under 8 U.S.C. § 1231 for eleven months, and therefore for a period beyond the presumptively reasonable six-month period established under *Zadvydas*. He has also made the required prima facie showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future; and Respondents have failed to present evidence sufficient to rebut that showing. His continued detention is therefore unconstitutional and is unlawful under *Zadvydas*.

Petitioner also claims that any additional efforts by the Government to remove him to a

---

[3] As discussed above, it is unclear on the present record whether Petitioner has been issued a positive fear determination for Mexico, as Respondents represent, or whether Mexico refused to accept him, as Petitioner alleges.

third country must be accompanied by adequate procedural safeguards. This Court has previously held in a similar case that noncitizens, such as Petitioner, are entitled to sufficient procedures for reviewing their fear of removal to alternative countries as a matter of procedural due process. *See* Order, *Benitez Pineda v. Noem et al.*, No. 1:25-cv-2337 (E.D. Va. Mar. 2, 2026), Dkt. No. 17 (addressing whether Petitioner was entitled to immigration judge review of any claim of fear removal to a third country, effectuated pursuant to the Government's March 30, 2025 guidance). For the reasons discussed in *Benitez Pineda*, the Court finds that Petitioner is entitled, as a matter of procedural due process, to immigration judge review of any negative fear determination to a third country of removal, as described in the regulations governing the analogous context, 8 C.F.R. §§ 208.31, 1208.31.

For the reasons stated above, the Petition is GRANTED, and it is hereby

**ORDERED** that Respondents immediately release Petitioner under an Order of Supervision pursuant to 8 U.S.C. § 1231(a)(3), which may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.4; and it is further

**ORDERED** that Respondents and any of Respondents' officers, agents, servants, employees, and attorneys, as well as other person acting in concert, are ENJOINED from redetaining Petitioner except upon a showing of sufficient changed circumstances with respect to the prospects for removal to a qualifying consenting country; and it is further

**ORDERED** that if Petitioner is again detained in compliance with this Order and the applicable regulations, Respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are ENJOINED from removing Petitioner from this judicial district and the continental United States unless (1) he has first received review by an immigration judge, pursuant to 8 C.F.R. § 208.31(g),

4

of the United States Citizenship and Immigration Services asylum officer's negative decision regarding whether he has a reasonable fear of persecution or torture if removed to that third country; and (2) all other requirements of 8 C.F.R. § 208.31(g) have been satisfied.

The Clerk is directed to send this Order to all counsel of the record, and to terminate the case.

May 21, 2026
Alexandria, Virginia

_____
Anthony J. Trenga
United States District Judge

5